IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK JEFFERSON RIGSBY <br> Apt. 2, 3/F <br> 12 Deligiorgi <br> Athens 10437, Greece <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF THE TREASURY <br> 1500 Pennsylvania Avenue, NW <br> Washington, D.C. 20220 <br><br> Defendant. | Case No:   24-1038 |

# COMPLAINT

## I. INTRODUCTION

1.       Plaintiff Mark Jefferson Rigsby ("Plaintiff") brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq.*, by Defendant United States Department of the Treasury ("Treasury") in failing to provide Rigsby with all non-exempt records responsive to his October 3, 2022, FOIA request to this federal agency, seeking copies of written communications between the Office of Foreign Assets Control (OFAC) and Polish Security Printing Works (PSPW), a Warsaw-based company owned by

– 1 –

COMPLAINT

the Polish State Treasury, concerning PSPW's contractual agreement(s) to print Afghani currency notes on behalf of Da Afghanistan Bank for the period of January 1, 2020, and September 30, 2020.

## II. JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4. Plaintiff, Mark Jefferson Rigsby, is an individual, that at all times relevant herein, has resided in Athens, Greece.

5. Defendant United States Department of the Treasury is a federal agency of the United States, and as such, is an agency subject to the FOIA, pursuant to 5 U.S.C. § 552(f).

## V. LEGAL FRAMEWORK OF FOIA

6. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7. FOIA requires federal agencies to make a final determination on all FOIA

requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8. FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9. FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(i) - (ii). *See* 5 U.S.C. § 552(a)(6)(C).

10. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

11. Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

– 3 –
COMPLAINT

12. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action.   5 U.S.C. § 552(a)(4)(E).

## VI.   FACTUAL ALLEGATIONS

### October 3, 2022, FOIA Request
### 2023-FOIA-00002

13. On or about October 3, 2022, Mark Jefferson Rigsby (Plaintiff) sent a FOIA request to the United States Department of the Treasury (Treasury), seeking copies of written communications between the Office of Foreign Assets Control (OFAC) and Polish Security Printing Works (PSPW) regarding the PSPW's agreement to print Afghani currency notes on behalf of Da Afghanistan Bank for the period of January 1, 2020, and September 30, 2022.

14. On or about October 7, 2022, Plaintiff received an email confirming receipt of Plaintiff's October 3, 2022, FOIA request, and assigning it 2023-FOIA-00002.

15. On or about November 17, 2022, Plaintiff sent an email to Treasury, inquiring as to the status of his October 3, 2022, FOIA request.

16. On or about November 18, 2022, Treasury sent an email to Plaintiff informing him that the agency could not provide a date certain when it will be able to provide a response to Plaintiff's request.

17. On or about November 21, 2022, Treasury emailed Mr. Rigsby indicating that the agency would not be able to get to Plaintiff's request until late 2023.

18. On or about November 23, 2022, Plaintiff sent an email to Treasury,

informing the Agency that it was not complying with the statutes that govern FOIA and inquiring if the agency would be responding to Plaintiff's FOIA request in the following week.

19. On or about November 23, 2022, Treasury sent an email to Plaintiff informing Plaintiff that Treasury processes its FOIA requests in a first-in, first-out basis and that this request was 324 in line.

20. On or about March 28, 2023, Plaintiff emailed Defendant requesting the status of his October 3, 2022, FOIA request as well as requesting an estimated completion date for the processing of this request.

21. On or about March 28, 2023, Defendant emailed Plaintiff indicating that Plaintiff's request was now on an "intermediate" track and that it anticipated completion of the Submitter Notice process by the first week of May, 2023.

22. On or about April 20, 2023, Defendant emailed Plaintiff indicating that the agency found more records to process and that it would not be able to complete that task until the end of June 2023.

23. On or about July 1, 2023, Defendant emailed Plaintiff its first interim response to Plaintiff's October 3, 2022, providing no records and indicating that some of the records were being withheld pursuant to FOIA Exemption b(4) as well as still processing other records.

24. As of the date of the filing of this action, Plaintiff has not received any of

the records which he requested in his October 3, 2022, FOIA request to the Treasury.

## VII. CLAIMS FOR RELIEF

25. Plaintiff realleges, as if fully set forth herein, paragraphs 1-24 previously set forth above.

26. Defendant Treasury has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for his October 3, 2022, FOIA request.

27. By failing to provide Plaintiff with all non-exempt responsive record to his October 3, 2022, FOIA request as described in paragraph 13 above, Defendant Treasury has denied Plaintiff's right to this information as provided by the Freedom of Information Act.

28. Defendant Treasury has violated FOIA by failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's October 3, 2022, FOIA request.

29. By failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's October 3, 2022, FOIA request, Defendant Treasury has denied Plaintiff's right to this information as provided by law under the Freedom of Information Act.

30. Unless enjoined by this Court, Defendant Treasury will continue to violate Plaintiff's legal rights to be provided with copies of the records which he has requested in his FOIA request described in paragraph 13 above.

31. Plaintiff is directly and adversely affected and aggrieved by Defendant Treasury's failure to provide responsive records to its FOIA request described above.

32. Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

33. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Rigsby, providing the following relief:

1. Declare Defendant Treasury has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to his October 3, 2022, FOIA request.

2. Declare Defendant Treasury has violated FOIA by failing to complete an adequate search for records responsive to Plaintiff's October 3, 2022, FOIA request.

3. Direct by injunction that Defendant Treasury perform an adequate search for records responsive to its December 2, 2021, FOIA request and provide Plaintiff with all non-exempt responsive records to Plaintiff's October 3, 2022, FOIA request.

4. Grant Plaintiff's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

5. Provide such other relief as the Court deems just and proper.

DATED: This 11th day of April 2024.

Respectfully submitted,

 /s/ *Sean T. Malone*
SEAN T. MALONE, D.C. Bar # OR0010
Attorney at Law
PO Box 1499
Eugene OR 9440
(303) 859-0403
seanmalone8@hotmail.com
*Counsel for Plaintiff*